WALLACE W. BARNES v. WILLIAM E. SIM, APPELLANT; MAUD E. RENFRO, APPELLEE.*

FILED DECEMBER 5, 1907. No. 14,977.

Partnership: ASSIGNMENTS: CONSTRUCTION. Two assignments of a partnership agreement examined, and *held* not to include a personal promise of one of the partners to pay a sum of money due from one partner to the other.

APPEAL from the district court for Nemaha county: PAUL JESSEN, JUDGE. *Affirmed.*

*H. A. Lambert* and *J. D. Graves,* for appellant.

*E. B. Quackenbush, contra.*

DUFFIE, C.

In November, 1904, J. F. Renfro sold to Wallace W. Barnes a half interest in a drug business which Renfro

* Rehearing denied. See opinion, p. 213, *post.*

was then conducting in the village of Peru, Nemaha, county. Partnership articles were also executed between the parties, by the terms of which Barnes became a partner in the business, was to conduct the same, and receive a salary of $60 a month, payable out of the funds of the partnership. The partnership articles also contained a stipulation providing for the payment by Barnes of $45 quarterly, beginning. April 1, 1905, with interest at 6 per cent. per annum, until the full sum of $564.83, the consideration to be paid by him for his half interest in the business, was paid. No lien on the property sold was reserved by Renfro, who accepted Barnes' agreement to pay the amount. This partnership agreement Renfro assigned to his wife by indorsing thereon the following: "I hereby assign all my interest in the above property to Maud E. Renfro of Peru, Nebraska, this 5th day of October, 1905." June 2, 1906, Mrs. Renfro assigned her interest to the defendant Sim by an instrument reading as follows: "I hereby assign .for a valuable consideration all my rights, title and interest in and to a certain contract entered into November 1, 1904, by and between J. F. Renfro and Wallace W. Barnes, and assigned by J. F. Renfro to Maud E. Renfro." Barnes was unwilling to accept Sim as a partner in the business, and on June 7, 1906, commenced this action making Sim and Maud E. Renfro parties defendant, alleging that Mrs. Renfro still claimed an interest in the partnership agreement entered into between him and J. F. Renfro; asking that an accounting be had between the parties plaintiff and defendant; that their respective interests be determined; that a receiver be appointed to wind up the business; that the business be sold by the receiver, and the proceeds be divided among the parties to the action according to their respective interests. Mrs. Renfro filed an answer, the material allegations of which are to the effect that, in her sale and assignment to Sim, the agreement of Barnes to pay the consideration for his purchase of one-half the stock was not included; that she was the owner of the debt owing by Barnes, and entitled to

collect the amount still due thereon. Sim claimed that the assignment to him carried the amount still due from Barnes on his purchase of a half interest in the business. The district court found "that said obligation of the said plaintiff Barnes for one-half the purchase price of the stock of drugs did not pass by the assignment of said contract, but remained and belonged to the defendant Renfro, and that she is entitled to the relief asked for in her cross-petition." A decree to that effect was entered, from which the defendant Sim has appealed.

It is evident the court found that the assignment from J. F. Renfro to Mrs. Renfro did not include the personal obligation of Barnes to pay the sum of $564.83, the purchase price of a half interest in the business; that such assignment only conveyed J. F. Renfro's interest in the property of the firm. This being so, Mrs. Renfro's assignment of her right, title and interest in the contract would convey to Sim a one-half interest in the partnership property only, and did not carry the personal obligation of Barnes for the payment of the consideration of his purchase of a half interest in the business.

We think that this is the proper construction of the two assignments above set out, and that the judgment appealed from should be affirmed. We so recommend.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.

The following opinion on motion for rehearing was filed October 8, 1908. *Opinion modified. Rehearing denied:*

1. **Contract:** CONSTRUCTION. Contract of assignment examined, and *held,* under the evidence, to fall within the provisions of section 341 of the code, which provides that, "when the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it."

2. **Syllabus** in *Barnes v. Sim, ante,* p. 211, modified.

GOOD, C.

A reargument of this case has been had upon the motion for rehearing. The former opinion may be found, *ante*, p. 211, where a statement of the issues and the facts may be found. The only question that is involved is: Did the assignment from Mrs. Renfro to Sim carry the personal obligation of Barnes? In the former opinion it was held that it did not, and the holding was based on the assumption that the assignments from Renfro to Mrs. Renfro and from her to Sim were insufficient to transfer the personal obligation of Barnes. From a careful examination of the record it does not appear that any one has ever asserted that the Barnes obligation was not transferred to Mrs. Renfro by the assignment of Mr. Renfro to her. All parties in interest have acted upon the assumption that Mrs. Renfro became the owner of this obligation by the assignment from her husband. For this reason, as well as for others hereinafter stated, we think the assignment should be treated by this court as sufficient to vest the title in Mrs. Renfro to the Barnes obligation.

From the record it appears that Mrs. Renfro's "interest in the business" was the subject of the negotiations between her and Sim, which culminated in her executing an assignment in the following language: "I hereby assign for a valuable consideration all my rights, title and interest in and to a certain contract entered into November. 1, 1904, by and between J. F. Renfro and Wallace W. Barnes, and assigned by J. F. Renfro to Maud E. Renfro. (Signed.) Maud E. Renfro." Did this assignment operate as a transfer to Sim of the unpaid part of Barnes' personal obligation? This obligation was a written promise to pay certain sums at stated times. It was a debt evidenced by a written promise to pay. It was a mere chose in action. It is elementary that no particular form of words or instrument is necessary to effect an assignment of a chose in action. It is not necessary that the contract of the parties should fully appear in the writing by which the assignment

is made. The consideration, and even the intent of the parties, may be shown by extrinsic evidence. 1 Am. & Eng. Ency. Law (1st ed.), p. 835. As between the parties, Mrs. Renfro and Sim, we think the written instrument set out above was sufficient in form to transfer Mrs. Renfro's ownership of Barnes' debt. In so far as our former opinion may be construed as holding the form of the assignment insufficient, it should be modified.

The evidence clearly shows that Mr. Sim in his dealing with Mrs. Renfro was seeking to acquire her interest in the drug store. It does not appear that he had any particular reason or desire to buy the chose in action against Barnes. It also clearly discloses that Mrs. Renfro did not think or believe that she was selling anything more than her one-half interest in the partnership business of Barnes and Renfro. Her language, her conduct, her every act, clearly shows that she had no intent or purpose to sell or dispose of the personal obligation due from Barnes to her. We think it is further fairly inferable from the record that Mr. Sim knew and understood that Mrs. Renfro was not intending to sell or transfer the personal obligation of Barnes, but that he believed the assignment which she executed was sufficient to transfer this personal obligation to him. He claimed and asserted a right to the personal obligation, apparently because he believed the written assignment was sufficient to convey it to him, and not because there was any belief upon his part that Mrs. Renfro intended to sell or convey the personal obligation to him. Section 341 of the code provides: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." We think this case falls squarely within the provisions of this statute. Mrs. Renfro understood the assignment in the sense that it operated to convey only her one-half interest in the partnership business, and that it did not operate to transfer the personal obligation of Barnes. Mr. Sim knew, or had reason to suppose, that

she so understood it.  It follows that, in completing the agreement with her under such circumstances he must be held to that interpretation of the contract which will give it the meaning and sense in which Mrs. Renfro understood it.  The assignment did not convey to him the personal obligation of Barnes.

The appellant complains because no reformation of the contract of assignment was prayed for, but, in view of this section of the statute, we do not think that any reformation of the contract was necessary.  The statute requires the court, under such circumstances, to so construe the contract as to give it the meaning in which Mrs. Renfro understood it, because Sim, the other party to the contract, had reason to suppose she so understood it.

We recommend that the motion for rehearing be overruled.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the former opinion in this case is modified, and the motion for rehearing is

OVERRULED.